**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| A. CHARLES PERUTO, JR., | : |
| | : |
| Plaintiff, | :     Civil Action No.  2:18-04468 |
| | : |
| vs. | : |
| | : |
| SIXX DEGREES MEDIA; ROC | : |
| NATION, LLC; AMAZON DIGITAL | : |
| SERVICES, LLC; AMAZON PRIME | : |
| VIDEO; AND THE IPC GROUP, | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFF A. CHARLES PERUTO, JR.'S MOTION FOR REMAND**

Defendants Roc Nation, LLC ("Roc Nation"), Amazon Alternative LLC ("Amazon") and

IPC Television, LLC ("IPC")[1] (collectively, "Defendants"), by and through their undersigned

attorneys, respectfully submit the following Memorandum of Law in Opposition to Plaintiff A.

Charles Peruto, Jr.'s ("Plaintiff") Motion for Remand.  As explained below, this Court has subject

matter jurisdiction over this lawsuit because the only non-diverse defendant was fraudulently

joined in this action and, therefore, its citizenship must be disregarded.  Accordingly, Plaintiff's

motion should be denied.

---

[1] Amazon Alternative LLC and IPC Television, LLC are the business entities involved with the documentary series at issue and are the real parties in interest for named defendants Amazon Prime Video and Amazon Digital Services, LLC and The IPC Group, respectively.  *See* Declaration of Josh Miller, Amazon's Unscripted Creative Executive ("Miller Decl.") ¶ 3 and Declaration of Eli Holzman, IPC's Chief Executive Officer ("Holzman Decl.") ¶ 3, attached hereto as Exhibits A and B.

## <u>TABLE OF CONTENTS</u>

**Page**

I.  PRELIMINARY STATEMENT .............................................................................. 1

II.  BACKGROUND ................................................................................................... 2

III.  STANDARD OF REVIEW .................................................................................... 4

IV.  ARGUMENT ........................................................................................................ 7

    A.  To State A Colorable Basis For A Claim For Replevin Against
        Sixx Degrees, Plaintiff Must Show That Sixx Degrees Possesses
        The Audio Recording .................................................................................. 7

    B.  Plaintiff's Complaint Does Not Give Rise To A Colorable
        Inference That Sixx Degrees Has A Role In The Documentary
        Series Or That It Currently Possesses The Audio Recording ...................... 7

    C.  The Affidavits Proffered By Defendants Establish That Plaintiff
        Fraudulently Joined Sixx Degrees In This Action ....................................... 8

V.  CONCLUSION ..................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abels v. State Farm Fire & Cas. Co.*,
   770 F.2d 26 (3d Cir. 1985)...................................................................................5

*Batoff v. State Farm Ins. Co.*,
   977 F.2d 848 (3d Cir. 1992)...............................................................................5

*In re Briscoe*,
   448 F.3d 201 (3d Cir. 2006)...........................................................................4, 5

*Britton v. Whittmanhart, Inc.*,
   No. CIV.A.09-CV-1593, 2009 WL 1855325 (E.D. Pa. June 25, 2009) ...........6, 8

*Commonwealth v. Dean*,
   245 Pa. Super. 322 (1976)..................................................................................7

*In re Diet Drugs Prods. Liability Litig.*,
   No. MDL 1203, Civ.A. 03-20611, 2004 WL 2203712 (E.D. Pa. Sept. 28,
   2004) ............................................................................................................5, 9, 10

*DiMichelle v. Sears & Roebuck Co.*,
   No. 97-6470, 1997 WL 793589 (E.D. Pa. Dec. 5, 1997)....................................5, 9

*Heilman v. McKinstry*,
   18 Pa. Super. 70 (1901)......................................................................................7

*Int'l Elecs. Co. v. N. S. T. Metal Prods. Co.*,
   370 Pa. 213 (1952)..............................................................................................7

*Reeser v. NGK Metals Corp.*,
   247 F. Supp. 2d 626 (E.D. Pa. 2003) ..............................................................6, 8

*Susman v. Goodyear Tire & Rubber Co.*,
   No. CV 17-3521, 2018 WL 1243733 (E.D. Pa. Mar. 9, 2018)................................6

*Weaver v. Conrail, Inc.*,
   No. CIV.A 09-5592, 2010 WL 2773382 (E.D. Pa. July 13, 2010).........................6

*Wilson v. Republic Iron & Steele Co.*,
   257 U.S. 92 (1921)..............................................................................................5

*Winner v. Messinger*,
   165 Pa. Super. 507 (1949).................................................................................7

## I.  PRELIMINARY STATEMENT

This lawsuit is an effort to prevent the disclosure of statements Plaintiff made criticizing his client, Philadelphia Court of Common Pleas Judge Genece Brinkley, over her handling of criminal proceedings involving Robert Rihmeek William (professionally known as Meek Mill), and to squelch further reporting about his critical comments regarding his client.  Those comments were recorded when Plaintiff voluntarily gave an interview in connection with a planned documentary series about Mr. Williams, including his criminal proceedings before Judge Brinkley. Plaintiff commenced this action in the Philadelphia Court of Common Pleas – the court on which Judge Brinkley sits – seeking extraordinary relief, *i.e.*, sole possession of a portion of the recording he claims was "off the record."[2]

In a thinly veiled attempt to avoid federal diversity jurisdiction, Plaintiff joined Sixx Degrees Media ("Sixx Degrees") – a Pennsylvania citizen – as a defendant.  Sixx Degrees, the only non-diverse defendant named in the action, does not belong in this lawsuit.  Plaintiff's lawsuit seeks possession of the audio recording, but Sixx Degrees has never possessed, nor does it currently possess, any portion of the recording.  What is more, Sixx Degrees has had no role at all in either the production of the documentary or the interview.  Under these circumstances, there is no reasonable basis in fact or colorable ground supporting Plaintiff's claims against Sixx Degrees. Therefore, under controlling law, Sixx Degrees was fraudulently joined, and its citizenship should be disregarded in determining whether diversity jurisdiction exists.

---

[2] While not germane to the Court's consideration of Plaintiff's motion for remand, Defendants note that these allegations are completely false.  The recording itself demonstrates that Plaintiff neither asked to go off the record nor instructed the interviewer to stop recording.

## II.     BACKGROUND

The lawsuit removed to this Court is a replevin action Plaintiff filed in the Court of Common Pleas, Philadelphia County on September 19, 2018.  *See generally* Complaint.  As noted, the Complaint arises out of an alleged audio recording made while Plaintiff voluntarily gave an interview during the filming of a proposed documentary series about Mr. Williams.  *See id.* at ¶¶ 22-33.  Mr. Williams' case and Judge Brinkley's handling of it are among the subjects covered in the proposed documentary.  *Id.* ¶¶ 3, 24.  Plaintiff was interviewed because he represents Judge Brinkley – and has spoken on her behalf – in connection with Mr. Williams' criminal proceedings. *Id.* ¶ 1; Pl. Br. at 1.  The audio recording at issue contains Plaintiff's negative comments about Judge Brinkley's handling of Mr. Williams' case.  *Id.* ¶¶ 3, 24; *see* Mark Fazlollah, *Philly Judge Genece Brinkley's lawyer on tape: Meek Mill should have gotten new trial*, THE PHILADELPHIA INQUIRER (July 3, 2018), http://www2.philly.com/philly/news/meek-mill-genece-brinkley-charles-peruto-mistake-tape-recording-20180703.html; *Judge Brinkley: Even HER Lawyer Says ... Grant Meek a New Trial Already!*, TMZ (July 17, 2017), http://www.tmz.com/2018/07/17/meek-mill-judge-brinkley-attorney-new-trial-audio/.

Plaintiff alleges that Defendants violated Pennsylvania's Wiretap and Electronic Surveillance Law (18 Pa. C.S.A. § 5701, et seq.) ("Wiretap Act") by recording statements that he supposedly said were "off the record."  *Id.*  ¶¶ 6-11.  Plaintiff now seeks permanent and sole possession of the audio recording.  As Plaintiff's Complaint plainly suggests, he filed this lawsuit in an effort to block dissemination and broadcast of his statements criticizing Judge Brinkley. *See, e.g.*, *id.* ¶¶ 40, 41.

Plaintiff's lawsuit names Roc Nation, Amazon, IPC and Sixx Degrees as defendants.  *Id.* ¶¶ 16-20.  The Complaint generally alleges that the defendants were involved in the documentary

series and have possession of the audio recording.  *See, e.g.*, *id.*  As the attached affidavits from executives for each defendant reflect, however, only Roc Nation, Amazon and IPC have had any role in the production, filming and/or distribution of the documentary series.  *See* Miller Decl. ¶¶ 2, 5, 7; Holzman Decl. ¶¶ 2, 7; Declaration of Patrick Reardon, Roc Nation's Executive Vice President, Television ("Reardon Decl.") ¶ 4, attached hereto as Exhibit C; Affidavit of Sixx King, Sixx Degrees' Founder and Chief Executive Officer ("King Aff.") ¶¶ 8-11, attached hereto as Exhibit D.  IPC is producing the documentary series with Roc Nation and is responsible for providing production services, including filming and the recording of interviews.  *See* Holzman Decl. ¶¶ 2, 7; Reardon Decl. ¶ 4; *see also* Miller Decl. ¶ 7.  Amazon is financing and distributing the documentary series and is involved with its creative development.  *See* Miller Decl. ¶¶ 2, 5-6; Holzman Decl. ¶ 5.

For its part, Sixx Degrees has no connection to, or involvement with, the documentary series, contractually or otherwise, did not participate in the interview with Plaintiff, and has never been in the possession of any portion of the audio recording that is the subject of Plaintiff's replevin claim.  *See* Miller Decl. ¶¶ 8-10; Holzman Decl. ¶¶ 8-10; Reardon Decl. ¶¶ 6-8; King Aff. ¶¶ 8-11.  Not surprisingly, the Complaint contains no specific allegations about Sixx Degrees' involvement with, or connection to, the audio recording.  *See* Compl.  In the single paragraph containing allegations about Sixx Degrees, Plaintiff resorts to information and belief, stating:

> Defendant Sixx Degrees Media is a media and marketing company engaged by Meek Mill and, *upon information and belief*, is working with the co-defendants in the upcoming Meek Mill Documentary Series; Sixx Degrees Media operates out of the identified Philadelphia address.

Compl. ¶ 16 (emphasis added).  The objective undisputed evidence, however, is to the contrary.  *See* Miller Decl. ¶¶ 8-10; Holzman Decl. ¶¶ 8-10; Reardon Decl. ¶ 6-8; King Aff. ¶¶ 8-11.

On October 17, 2018, Roc Nation timely removed this action on the ground that Sixx Degrees, the only non-diverse defendant in the case, was fraudulently joined. *See* Notice of Removal. Plaintiff moved to remand the next day. To support his contention that he properly joined Sixx Degrees, Plaintiff offered photos from Sixx Degrees' website, which show nothing more than Sixx Degrees independently advocating for criminal justice reform and participating in a November 13, 2017 "Rally for Meek." Pl. Br. at 2, Ex. A. Plaintiff also offered two November 14, 2017 posts from Sixx Degrees' Instagram account which referenced a TMZ interview with Sixx King, Sixx Degrees' Founder and Chief Executive Officer, regarding the Rally for Meek. Pl. Br. at 2, Ex. B.

None of this, however, proves (or even suggests) Sixx Degrees' involvement in the documentary or Plaintiff's interview or that Sixx Degrees has, or ever had, possession of the alleged audio recording. Nor does – or could – the website or Instagram posts refute what is established in the affidavits of Sixx Degrees, Amazon, IPC and Roc Nation – that Sixx Degrees had no involvement with, or connection to, the documentary series, Plaintiff's interview, or the alleged audio recording. *See* Miller Decl. ¶¶ 8-10; Holzman Decl. ¶¶ 8-10; Reardon Decl. ¶¶ 6-8; King Aff. ¶¶ 8-11. As a consequence, there is no basis in law or fact for Sixx Degrees to be named as a defendant, and its citizenship must be disregarded for purposes of determining whether diversity jurisdiction exists over this lawsuit.

## III.    STANDARD OF REVIEW

The fraudulent joinder doctrine is an exception to the complete diversity requirement. *See In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat

diversity jurisdiction." *Id.* at 216. A defendant claiming fraudulent joinder of another defendant does not need to show actual "fraud" – instead, "joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Id.* (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). Despite this deferential standard, a court is not required to "accept blindly whatever plaintiffs may assert no matter how incredible or how contrary to the overwhelming weight of the evidence." *In re Diet Drugs Prods. Liability Litig.*, No. MDL 1203, Civ.A. 03-20611, 2004 WL 2203712, at *2 (E.D. Pa. Sept. 28, 2004) (citing *Wilson v. Republic Iron & Steele Co.*, 257 U.S. 92 (1921)).

Although fraudulent joinder can be established on the face of the complaint alone, *see, e.g.*, *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992), the court may "pierce the pleadings" and "consider reliable evidence that the defendant may proffer to support the removal" in order to determine whether joinder was fraudulent. *Briscoe*, 448 F.3d at 218. This "limited look outside the pleadings does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits." *Id.* at 220. The type of reliable evidence that can establish fraudulent joinder includes affidavits or declarations proffered by the defendant. *See, e.g.*, *In re Diet Drugs*, 2004 WL 2203712, at *2 (concluding that uncontroverted sales affidavits showed fraudulent joinder since they established there was no possibility that plaintiffs could recover against the non-diverse defendants); *DiMichelle v. Sears & Roebuck Co.*, No. 97-6470, 1997 WL 793589, at *2 (E.D. Pa. Dec. 5, 1997) (finding fraudulent joinder where uncontested affidavits revealed that defendants had no connection to the lawsuit and were improper parties).

To be sure, a removing defendant has the burden to establish federal jurisdiction, but once it has established a basis for concluding that a non-diverse defendant has been fraudulently joined,

a plaintiff resisting jurisdiction has the burden to come forward with something more than conclusory assertions.  *See Reeser v. NGK Metals Corp*., 247 F. Supp. 2d 626, 630 (E.D. Pa. 2003) (finding claims against non-diverse defendants not colorable because they "consist[ed] of conclusory allegations which are clearly insufficient"); *Britton v. Whittmanhart, Inc.*, No. CIV.A.09-CV-1593, 2009 WL 1855325, at *4-5 (E.D. Pa. June 25, 2009) (concluding allegations of a defendant's title and position, without more, were insufficient to establish a colorable claim over the non-diverse defendant).  Indeed, courts in this District routinely deny remand motions where a defendant meets its burden of proving fraudulent joinder through uncontested evidence showing that no reasonable basis in fact existed for the claim against a fraudulently joined defendant.  *See, e.g.*, *Susman v. Goodyear Tire & Rubber Co.*, No. CV 17-3521, 2018 WL 1243733, at *9 (E.D. Pa. Mar. 9, 2018) (holding that declaration established non-diverse defendant "was fraudulently joined … because no reasonable basis in fact support[ed] the claims against it"); *Weaver v. Conrail, Inc.*, No. CIV.A 09-5592, 2010 WL 2773382, at *9 (E.D. Pa. July 13, 2010) (finding fraudulent joinder in case arising from injury on railroad tracks because it was established that non-diverse defendant "did not own, operate, maintain, or control the railroad tracks where Plaintiff was injured").

Defendants do not dispute that Sixx Degrees is a citizen of the Commonwealth of Pennsylvania, but reliable evidence shows Sixx Degrees is not a proper party in this action.  Therefore, its citizenship may be disregarded for purposes of the jurisdictional analysis.  The conclusory assertions in Plaintiff's Complaint and motion for remand do not come close to showing the existence of a colorable basis for a claim against Sixx Degrees – nor do any facts exist that could conceivably do so.

## IV.    ARGUMENT

### A.    To State A Colorable Basis For A Claim For Replevin Against Sixx Degrees, Plaintiff Must Show That Sixx Degrees Possesses The Audio Recording

Replevin is an action undertaken to regain possession of goods and chattels and to recover damages arising from their detention by the defendant.  *Int'l Elecs. Co. v. N. S. T. Metal Prods. Co.*, 370 Pa. 213, 217 (1952).  To maintain a replevin claim, the plaintiff must have a general or special property right in the thing taken or detained.  *Id.*  The plaintiff must show "not only the title to the property but the right of immediate possession thereto." *Heilman v. McKinstry*, 18 Pa. Super. 70, 72 (1901).  Moreover, it is well established that the primary purpose of an action in replevin is to recover property.  *Commonwealth v. Dean*, 245 Pa. Super. 322, 324 (1976) (affirming dismissal of replevin action because the defendant was no longer in possession of the property).  Thus, "[a]n action of replevin cannot be maintained against one not in the actual or constructive possession of the property sought to be recovered." *Winner v. Messinger*, 165 Pa. Super. 507, 511 (1949).  When these controlling legal standards are considered, Plaintiff does not have a colorable basis for a replevin claim against Sixx Degrees because it has never had any role in the proposed documentary or the interview, and it is not and has never been in possession of the audio recording.

### B.    Plaintiff's Complaint Does Not Give Rise To A Colorable Inference That Sixx Degrees Has A Role In The Documentary Series Or That It Currently Possesses The Audio Recording

While Plaintiff's remand motion baldly asserts that Sixx Degrees was not fraudulently joined, *see* Pl. Br. at 3-4, Plaintiff fails to identify any colorable basis for a claim against Sixx Degrees.  Plaintiff's Complaint references Sixx Degrees only ***once***, and only in the context of stating that it is a non-diverse defendant and alleging "upon information and belief" that Sixx Degrees is working with Defendants on the documentary series.  Thus, Plaintiff's efforts to defeat diversity jurisdiction are based on only general and conclusory allegations not specifically directed

at Sixx Degrees, but rather *all* "defendants."  *See, e.g.*, Compl. ¶¶ 2, 4, 5, 6, 8.   General and conclusory allegations like these, however, are insufficient to even raise an inference that Sixx Degrees had any role in the proposed documentary or the interview, or that it possesses (or ever possessed) the audio recording.  *Britton*, 2009 WL 1855325, at * 4-5; *Reeser*, 247 F. Supp. 2d at 630.

C.      **The Affidavits Proffered By Defendants Establish That Plaintiff Fraudulently Joined Sixx Degrees In This Action**

The only thing Plaintiff has offered to support his assertion that Sixx Degrees is properly joined in this action is a snippet from Sixx Degrees' website showing Sixx Degrees' participation in a rally supporting Mr. Williams in his criminal proceedings and two social media posts from its Instagram account regarding this rally.  *See* Pl. Br. at 3, Exs. A and B.  Neither shows that there is a colorable basis for a replevin claim against Sixx Degrees involving the recording at issue. Plaintiff's effort to manufacture a colorable claim against Sixx Degrees by pointing to the website snippet and Instagram posts is unavailing.  In gist, Plaintiff asks this Court to make a leap from the fact that Sixx Degrees' CEO once gave an interview to TMZ and participated in a rally supporting Mr. Williams to the conclusion that Sixx Degrees is somehow involved with the documentary series, possessed the audio recording and distributed it to the press.  If this kind of assertion were sufficient to defeat diversity, such speculative claims could be used to drag before the Court countless people and entities in Philadelphia who have rallied for Mr. Williams or spoken publicly about his cause.  The inference Plaintiff asks this Court to draw from the website and social media posts is simply a bridge too far.

More importantly, Defendants' affidavits *prove* there is no factual basis for joining Sixx Degrees.  The affidavits prove that, first, Sixx Degrees is not – and never has been – involved in

the making of the documentary series, second, that Sixx Degrees did not have any involvement with Plaintiff's interview, and third and critically, Sixx Degrees has never possessed a copy of any portion of the interview or audio recording.  *See* Miller Decl. ¶¶ 8-10; Holzman Decl. ¶¶ 8-10; Reardon Decl. ¶ 6-8; King Aff. ¶¶ 8-11.  These undisputed factual declarations establish that Plaintiff has no colorable basis to assert a replevin claim against Sixx Degrees.  *See In re Diet Drugs Prods. Liability Litig.*, 2004 WL 2203712, at *2; *DiMichelle v. Sears & Roebuck Co.*, No. 97-6470, 1997 WL 793589, at *2 (E.D. Pa. Dec. 5, 1997).

In nearly identical situations, courts in this District have faithfully applied this controlling law to find fraudulent joinder and deny remand motions based on uncontested affidavits establishing that the non-diverse defendant has no connection to the alleged wrongful conduct. For instance, in *DiMichelle v. Sears & Roebuck Co.*, No. 97-6470, 1997 WL 793589, at *1, the plaintiff filed suit in Pennsylvania state court claiming that she sustained injuries caused by an allegedly defective drill press.  Just as in Plaintiff's Complaint in this case, the complaint in *DiMichelle* included general assertions against all "defendants," alleging that "all three defendants were involved in manufacturing, distributing, selling, purchasing, designing, installing, ... and/or otherwise placing into the stream of commerce the drill press and/or its component parts."  *Id.* Defendants removed, contending the Pennsylvania-based defendant had been fraudulently joined.  The court agreed, denying the plaintiff's motion to remand based on "[u]ncontested affidavits [that] reveal[ed] that this company has never been connected to the production of drill presses or its parts."  *Id.* at *2.  Similarly, in *In re Diet Drugs Prods. Liability Litig.*, 2004 WL 2203712, at *1, the plaintiffs sought to defeat diversity in pharmaceutical products liability cases by suing in-state salespeople.  *Id.*  The court denied plaintiff's motion to remand based on the salespersons' affidavits stating that "they played no role in the design, production, or manufacture"

of the pharmaceuticals. *Id.* at *3-*4 (noting that the "uncontroverted sales representatives' affidavits are sufficient to establish fraudulent joinder").

The same goes here for the same reasons. There is no evidence that would or could controvert the affidavits showing that Plaintiff has no colorable basis for a replevin claim against Sixx Degrees. As a consequence, Sixx Degrees does not belong in this lawsuit and its citizenship may be disregarded for diversity purposes. Allowing Plaintiff to defeat federal jurisdiction based on Plaintiff's slender, threadbare allegations made upon information and belief, and unsupported inferences, simply would be improper in this case. Moreover, departing from settled law would lead to other consequences. A ruling that Plaintiff can defeat diversity simply by noting Sixx Degrees was involved in a rally supporting Mr. Williams would mean that virtually anyone else who so much as attended the rally or spoke to the press about Mr. Williams could be sued on nothing more than speculation and conjecture. That is not the law – nor should it be. Under controlling law, federal jurisdiction is proper, and Plaintiff's remand motion should be denied.

## V.      CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Remand should be denied.

Respectfully Submitted,

*/s/ Joshua M. Peles*
Joshua M. Peles, Esq.
Kim M. Watterson, Esq.
(*Admission pro hac vice forthcoming*)
Reed Smith LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
215 851 8100 (phone)
215 851 1420 (fax)

Jordan W. Siev, Esq.
599 Lexington Avenue
New York, NY 10022
(*Admission pro hac vice pending*)

*Attorneys for Roc Nation, LLC*

*/s/ Michael Berry*
Michael Berry, Esq.
Elizabeth Seidlin-Bernstein, Esq.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

*Attorneys for Amazon Alternative LLC*

*/s/ Derek E. Jokelson*
Derek E. Jokelson, Esq.
Jokelson Law Group, P.C.
230 S. Broad Street
Philadelphia, PA 19102

Cameron Stracher
Stracher Law
4 New York Plaza, 2d Floor
New York, NY 10004
(*Admission pro hac vice pending*)

*Attorneys for IPC Television, LLC*

Dated:  November 1, 2018