IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A. CHARLES PERUTO, JR. *Plaintiff,* v. HOO IN KIM; ELI HOLZMAN; PATRICK REARDON; JOSH MILLER; IPC TELEVISION, LLC; AMAZON ALTERNATIVE, LLC; and ROC NATION, LLC, *Defendants*. | CIVIL ACTION NO. 18-cv-4468 (PBT) and No. 18-CV-4818 (PBT) |

**ORDER**

AND NOW, this ___ day of _____, 2018, upon consideration of *Defendant Hoo In Kim's Motion to Dismiss for Lack of Personal Jurisdiction*, and any responses thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. Defendant Hoo In Kim is dismissed from this action for lack of personal jurisdiction.

**BY THE COURT:**

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A. CHARLES PERUTO, JR.<br><br>*Plaintiff,*<br><br>v.<br><br>**HOO IN KIM; ELI HOLZMAN; PATRICK REARDON; JOSH MILLER; IPC TELEVISION, LLC; AMAZON ALTERNATIVE, LLC; and ROC NATION, LLC**,<br><br>*Defendants*. | CIVIL ACTION<br><br>NO. 18-cv-4468 (PBT)<br><br>and<br><br>No. 18-CV-4818 (PBT) |

**DEFENDANT HOO IN KIM'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1. Defendant Hoo In Kim files this Motion to Dismiss for lack of personal jurisdiction as she has no involvement, whatsoever, with the operative facts at issue in the two cases before this Court and has conducted no activities in the forum State, the Commonwealth of Pennsylvania.[1]

2. Plaintiff A. Charles Peruto, Jr. has filed the Replevin and Wiretap Actions which both erroneously name Hoo In Kim as participating in the recording which is the subject of the Actions. Peruto claims that Ms. Kim traveled to Philadelphia at the behest of IPC Television,

---

[1]As reflected in the caption, there are two actions pending before this Court: Civil Action 18-cv-4468 seeking replevin (the "**Replevin Action**") and Civil Action 18-cv-4818 seeking relief under the federal Wiretap Act (the "**Wiretap Action**"). The factual allegations in each both actions are identical. Separate motions to dismiss are being filed by Defendants including Hoo In Kim demurring to the legal sufficiency of each of those actions. Ms. Kim files this additional Motion to Dismiss as she was wrongly named in these suits and the Court has no personal jurisdiction over her. She is a resident of California, had no involvement with the recordings, and has never even been to Philadelphia. Because the *in personam* jurisdictional issue is identical for both the Replevin and Wiretap Actions, Plaintiff is filing this Motion in each of these actions.

LLC to interview and record Plaintiff.

3. Ms. Kim, however, had nothing whatsoever to do with the events at issue in this case. Attached is Ms. Kim's declaration made under penalty of perjury wherein she declares her non-involvement in the matters at issue as follows.

4. As reflected in the Declaration, Ms. Kim is a California citizen and has never been to Philadelphia. Plaintiff has not (and cannot) meet its burden to show that this Court has personal jurisdiction over Ms. Kim.

5. As such, and for the reasons set forth in the accompanying Memorandum of Law, Ms. Kim should be dismissed from both the Replevin and Wiretap Actions.

**WHEREFORE**, Defendant Hoo In Kim requests to be dismissed from this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**JOKELSON LAW GROUP, P.C.**

By: s/Derek E. Jokelson
Derek E. Jokelson, Esquire
230 S. Broad Street, 10th Floor
Philadelphia, Pa. 19102
(215) 735-7556

**STRACHER LAW**

By: s/Cameron Stracher
Cameron Stracher, Esquire (*pro hac vice* pending/forthcoming)
4 New York Plaza, 2nd Floor
New York, NY 10004
(212) 320-8950

*Attorneys for Defendants IPC Television, LLC, Hoo In Kim, and Eli Holzman*

Date: December 12, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A. CHARLES PERUTO, JR.,<br><br>  *Plaintiff,*<br><br>  v.<br><br>HOO IN KIM; ELI HOLZMAN; PATRICK REARDON; JOSH MILLER; IPC TELEVISION, LLC; AMAZON ALTERNATIVE, LLC; and ROC NATION, LLC,<br><br>  *Defendants*. | CIVIL ACTION<br><br>NO. 18-cv-4468 (PBT)<br><br>and<br><br>No. 18-CV-4818 (PBT) |

**DEFENDANT HOO IN KIM'S
MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Hoo In Kim files this Motion to Dismiss for lack of personal jurisdiction as she has no involvement, whatsoever, with the operative facts at issue in the two cases before this Court and has conducted no activities in the forum State, the Commonwealth of Pennsylvania.[2]

Prominent criminal defense attorney A. Charles Peruto, Jr., granted an interview to talk about his client, the Honorable Genece Brinkley, in connection with an upcoming documentary. That documentary will address the public controversy surrounding Judge Brinkley's handling of the

---

[2] As reflected in the caption, there are two actions pending before this Court: Civil Action 18-cv-4468 seeking replevin (the "**Replevin Action**") and Civil Action 18-cv-4818 seeking relief under the federal Wiretap Act (the "**Wiretap Action**"). The factual allegations in each both actions are identical. Separate motions to dismiss are being filed by Defendants including Hoo In Kim demurring to the legal sufficiency of each of those actions. Ms. Kim files this additional Motion to Dismiss as she was wrongly named in these suits and the Court has no personal jurisdiction over her. She is a resident of California, had no involvement with the recordings, and has never even been to Philadelphia. Because the *in personam* jurisdictional issue is identical for both the Replevin and Wiretap Actions, Plaintiff is filing this Motion in each of these actions.

criminal case against famed rapper Meek Mill. According to Peruto, after the on-camera interview with Ms. Kim in his Philadelphia office, Ms. Kim and the film crew surreptitiously recorded him making "off the record" statements criticizing his own client (an obvious breach of his duty of loyalty). Unhappy that portions of his harsh criticisms were subsequently disclosed, Peruto seeks to seize control of the recording, block its further release, and obtain damages.

Peruto has filed the Replevin and Wiretap Actions which both erroneously name Hoo In Kim as participating in the recording which is the subject of the Actions. He claims Ms. Kim traveled to Philadelphia at the behest of IPC Television, LLC to interview and record Plaintiff. As alleged in the Replevin Action:

> On 30 May, 2018, Hoo In Kim, on behalf of IPC and the other defendants, conducted an interview of Mr. Peruto[3] in his Philadelphia office for purposes of the defendants' upcoming Meek Mill Documentary Series.

Replevin Action Amended Complaint (Doc. No. 16) at ¶ 37. *See also Id.* at ¶¶ 3, 11, 24, 35, and 41; *See also* Wiretap Action Complaint (Doc. No. 1) at ¶¶ 2, 10, 28, 40, 42, 46, 54, and 56.

Ms. Kim, however, has never been to Philadelphia, and had nothing whatsoever to do with the events at issue in this case. Attached is Ms. Kim's declaration made under penalty of perjury wherein she declares her non-involvement in the matters at issue as follows:

> 1. My name is Hoo In Kim. I am a citizen of the State of California and reside in Los Angeles.
> 2. I am an adult woman.
> 3. I understand that Plaintiff A. Charles Peruto, Jr. has identified me as a defendant claiming that I participated in an interview of Mr. Peruto on May 30, 2018, at his Philadelphia, Pennsylvania office.

---

[3]The allegation that Ms. Kim was the interviewer is obviously false as the interviewer is clearly a man and Ms. Kim is a woman. See http://www.tmz.com/2018/07/17/meek-mill-judge-brinkley-attorney-new-trial-audio/.

>
> This is false as I had no involvement in the interview whatsoever.
>
> 4. I have never been to Philadelphia, Pennsylvania.
> 5. I have never met Mr. Peruto.
> 6. I have never spoken with Mr. Peruto.
> 7. I never participated in any interview of Mr. Peruto.
> 8. I have had no involvement in any recording of Mr. Peruto.
> 9. I have never possessed or heard any recording of Mr. Peruto.
> 10. While I am an employee of IPC Television LLC, I have no involvement in the Meek Mill documentary.
> 11. I do not consent to jurisdiction in these matters.

**Exhibit 1**.

Ms. Kim is a California citizen and has never been to Philadelphia. Plaintiff has not (and cannot) meet its burden to show that this Court has jurisdiction over Ms. Kim. As such Ms. Kim should be dismissed from both the Replevin and Wiretap Actions.

## LEGAL STANDARD

Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure authorizes district courts to exercise personal jurisdiction over out-of-state defendants to the extent permitted by the long-arm statute of the forum state. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 1990).

In Pennsylvania, the applicable jurisdictional statute is 42 Pa.C.S.A. § 5322, which provides in subsection (b) that Pennsylvania shall exercise jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." The effect of this statute is to allow Pennsylvania to assert personal jurisdiction to the extent permissible under the Due Process Clause of the United States Constitution. *Time Share Vacation Club v. Atlantic Resorts*, Ltd., 735 F.2d 61,

3

63 (3d Cir. 1983).

Two types of Personal Jurisdiction exist, general and specific. General jurisdiction exists when the plaintiff's claim arises out of the defendant's "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to the defendant's specific activities in the forum state. *Vetrotex Certainteed Corp. v. Consl. Fiber Glass Prods. Co.*, 75 F.3d 147 (3d Cir. 1995).

Specific jurisdiction exists when the plaintiff's claim arises out of the defendant's activities within the forum such that the defendant could reasonably anticipate being haled into the state's courts. *Id.* To determine whether specific jurisdiction exists, the plaintiff must establish the existence of minimum contacts between the defendant and the forum state. To do so, plaintiff must satisfy three steps. First, the plaintiff must show that the defendant "has purposefully directed its activities" at the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Second, the litigation must "arise out of or relate" to at least one of those activities. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404, 414 (1984); *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994). If these two requirements are met, the court may then consider whether the exercise of jurisdiction would "comport with fair play and substantial justice." *Burger King*, 471 U.S. at 476, 105 S.Ct. at 2174.

Rule 12(b)(2) permits a motion to dismiss for lack of personal jurisdiction which "is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.* whether in personam jurisdiction actually lies." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). Accordingly, "once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other

competent evidence. … [and] at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction."

The plaintiff satisfies the burden to present a prima facie case for the court to exercise personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987) (citation omitted). "[I]f the Court conducts an evidentiary hearing, the plaintiff has the more substantial burden of proving that personal jurisdiction is proper by a preponderance of the evidence." *Steinfield v. EmPG Int'l, LLC*, 97 F. Supp. 3d 606, 611-12 (E.D. Pa. 2015).

**ARGUMENT**

Defendant Hoo In Kim moves to be dismissed for lack of personal jurisdiction. Plaintiff bears the burden of demonstrating that Ms. Kim is subject to the jurisdiction of this court and may not rely upon its pleadings. Even though Ms. Kim does not bear the burden, she had taken the initiative and submits the attached declaration conclusively demonstrating that she had no involvement whatsoever with the recording at issue or even with the documentary at issue. Indeed she has never possessed or heard any recording of Mr. Peruto and has never been to Philadelphia.

It is clear from her declaration that she has never directed any activities in the forum state. Additionally, she has not engaged in any activities related in any way to this litigation. Without meeting these threshold requirements, the Court has no jurisdiction over Ms. Kim. Even had those requirements been met, exercising jurisdiction over Ms. Kim would not comport with the constitutional notions and fair play and substantial justice. Ms. Kim must be dismissed from these

actions.

                        **JOKELSON LAW GROUP, P.C.**

By:  s/Derek E. Jokelson
       Derek E. Jokelson, Esquire
       230 S. Broad Street, 10th Floor
       Philadelphia, Pa. 19102
       (215) 735-7556

       **STRACHER LAW**

By:  s/Cameron Stracher
       Cameron Stracher, Esquire (*pro hac vice* pending/forthcoming)
       4 New York Plaza, 2nd Floor
       New York, NY 10004
       (212) 320-8950

       *Attorneys for Defendants IPC Television, LLC, Hoo In Kim, and Eli Holzman*

Date: December 12, 2018

# CERTIFICATE OF SERVICE

I, Derek E. Jokelson, hereby certify that on this 12th day of December, I caused a true and correct copy of the foregoing *Defendant Hoo in Kim's Motion to Dismiss for Lack of Personal Jurisdiction* to be served *via* the Court's electronic filing system and U.S. First Class Mail on the following:

*Via ECF*
James E. Beasley, Jr., Esquire
Louis F. Tumolo, Esquire
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
*Attorneys for Plaintiff A. Charles Peruto, Jr.*

*Via ECF*
Joshua M. Peles, Esquire
Reed Smith LLP
1717 Arch St Suite 3100
Philadelphia, Pa 19103
215-851-8287
*Attorney for Roc Nation, LLC and Patrick Reardon*

*Via ECF*
Michael Berry, Esquire
Elizabeth Seidlin-Bernstein
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
*Attorneys for Amazon Digital Services, LLC and Josh Miller*

**JOKELSON LAW GROUP, P.C.**

By:  s/Derek E. Jokelson
DEREK E. JOKELSON, ESQUIRE
Attorney I.D. No. 81047
230 S. Broad Street
10th Floor
Philadelphia, PA 19102
215-735-7556

*Attorney for Defendants IPC Television, LLC, Hoo In Kim, and Eli Holzman*